**BARRERA & ASSOCIATES**
**PATRICIO T.D. BARRERA (SBN 149696)**
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Telephone:  310.802.1500
Telefax:       310.802.0500
barrera@baattorneys.com

Attorneys for Plaintiff Christopher Sophinos

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SOPHINOS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> QUADRIGA WORLDWIDE LTD.; QUADRIGA AMERICAS, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:16-cv-01273 <br><br> [Assigned to: <br> Hon. Michael W. Fitzgerald] <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT QUADRIGA AMERICAS, LLC'S MOTION TO COMPEL ARBITRATION; DECLARATION OF PATRICIO T.D. BARRERA IN SUPPORT THEREOF** <br><br> Date:          April 25, 2016 <br> Time:         10:00 a.m. <br> Courtroom: 1600 <br><br> Complaint Filed: December 21, 2015 |

Plaintiff Christopher Sophinos submits the attached memorandum and supporting declarations in support of his opposition to defendants' motion for an order compelling arbitration of two of the three claims asserted by Plaintiff in Plaintiff's complaint.

/ / /

/ / /

- 1 -

# **TABLE OF CONTENTS**

MEMORANDUM IN SUPPORT OF OPPOSITION . . . . . . . . . . . . . . . . . . . . . . . 1

1.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3.    THIS COURT SHOULD DECIDE WHETHER QUADRIGA HAS
       ESTABLISHED AN ENFORCEABLE ARBITRATION AGREEMENT
       AND WHETHER THE AGREEMENT IS UNCONSCIONABLE . . . . . . . 3

4.    DEFENDANT HAS NOT MET ITS EVIDENTIARY BURDEN TO
       ESTABLISH AN ENFORCEABLE ARBITRATION AGREEMENT . . . . 3

5.    DEFENDANTS' PURPORTED ARBITRATION PROVISION IS
       UNENFORCEABLE BECAUSE IT IS UNCONSCIONABLE AS A
       MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.    The Alleged Arbitration Language is Unenforceable
              Under California Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.    The Alleged Arbitration Agreement is Procedurally Unconscionable 8

       C.    The Alleged Arbitration Agreement is Substantively Unconscionable8

              1.    The use of AAA rules when AAA has not been properly
                     designated is one-sided, and therefore unconscionable . . . . . . 9

6.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       Declaration of Patricio T.D. Barrera . . . . . . . . . . . . . . . . . . . . . . . . Attached

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Opposition to Defendant's Motion to Compel Arbitration

# TABLE OF AUTHORITIES

## CASES

*Armendariz v. Foundation Health Psychare Services, Inc.,*

    24 Cal.4th 83 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-8

*Engalla v. Permanente Med. Group, Inc.,*

    15 Cal.4th 951 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gatton v. T-Mobile USA, Inc.,*

    152 Cal.App.4th at 579 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jeffers v. Screen Extras Guild, Inc.,*

    134 Cal.App.2d 622 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McCoy v. Superior Court,*

    87 Cal.App.4th 354 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mercuro v. Superior Court,*

    96 Cal.App.4th 171 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ontiveros v. DHL Exp. (USA), Inc.,*

    164 Cal.App.4th 494 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Parada v. Superior Court,*

    176 Cal.App.4th 1554 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Plenger v. Alza Corp.,*

    11 Cal.App.4th 349 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pokorny v. Quixtar, Inc.*

    601 F.3d 987 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.*

    102 Cal. App. 4th 308, 316 (2002) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stirlen v. Supercuts, Inc.,*

    51 Cal.App.4th 1519 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Trivedi v. Curexo Tech Corp,*

    189 Cal.App.4th 387 (2010) . . . . . . . . . . . . . . . . . . . . . . . . 6-7, 9-10

- ii -

*Victoria v. Superior Court,*
  40 Cal.3d 734 (1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Wherry v. Award, Inc.,*
  192 Cal.App.4th 1242 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Opposition to Defendant's Motion to Compel Arbitration

## MEMORANDUM IN SUPPORT OF OPPOSITION

## 1.   INTRODUCTION

Defendant Quadriga Americas LLC's motion to compel arbitration is fundamentally flawed and should be denied because (1) Defendants failed to properly identify or authenticate any purported arbitration agreement between the Plaintiff and Defendants;  (2)  Defendants have not established that the purported arbitration provider, AAA, received notice of Quadriga's intention to designate AAA as its dispute resolution provider and, therefore, by its own rules, AAA is not required to preside over this dispute, which would leave Plaintiff without a forum to adjudicate his claims if the defective motion were granted; and (3) the arbitration provision referenced by Defendants would be deemed unenforceable if considered by the Court because it is procedurally and substantively unconscionable.

## 2.   STATEMENT OF FACTS

On December 21, 2015, Plaintiff Christopher Sophinos sued his former employer, Quadriga Americas LLC and its parent entity, Quadria Worldwide LTD (collectively, "Quadriga"), for breach of employment agreement, "bad faith," and retaliation under California's anti-retaliation statute, Labor Code §1102.5.

In brief, Plaintiff successfully served as the Chief Executive Officer for Quadriga and its predecessor for five years.  (Complaint, ¶¶7-14).  This dispute arose when Quadriga's new investor and principal, Seale Moorer, announced to Plaintiff that Mr. Moorer had decided to immediately close Quadriga's Los Angeles office and relocate it to Columbus, Ohio.  Plaintiff complained to Moorer and other executives within Quadriga Worldwide's top management team that Moorer's decision, as announced, would expose Quadriga to liability because of the adverse impact it would have on the lives and jobs of Quadriga Americas' entire staff, including Plaintiff.  (Complaint, ¶15-16).  Quadriga immediately retaliated against Plaintiff for making his complaints by terminating Plaintiff's

- 1 -

employment.   Quadriga's sudden termination decision violated the express and implied covenants and terms of the parties' employment agreement and has caused Plaintiff to suffer contractual damages of $206,260 and extra-contractual, tort, and statutory damages, as alleged in the Complaint.  (Complaint, ¶¶20-26, 28-29).

Before filing suit, Plaintiff attempted to resolve this dispute for the contractual amount he is owed, to no avail.  (Complaint, ¶27).

When it became obvious that Quadriga was not interested in an informal resolution and that litigation would be required, Plaintiff gave written notice to Quadriga's Counsel that he intended to file suit in the Los Angeles Superior Court. (Barrera Decl., ¶3; Exhibit 1).

Plaintiff inquired about arbitration and requested information to confirm whether the American Arbitration Association (AAA) would accept this dispute. To date, the requested information has not been provided.  (Barrera Decl., ¶3; Exhibit 1).  Consequently, litigation followed.

This action was filed in the Los Angeles Superior Court because Quadriga America's only place of business was in Los Angeles County and the subject employment agreement was performed in Los Angeles County.   Plaintiff's complaint included a demand for a jury trial.  Plaintiff has a Constitutional right to a jury trial to pursue and recover remedies under California law.

Defendant Quadriga Americas LLC filed an answer to the complaint and removed the action to federal court, arguing diversity of citizenship on the grounds that the sole member of the limited liability company is a foreign citizen. (If Quadriga Americas were a corporation, the case would be remanded to state court based on Quadriga Americas' principal place of business, and only place of business, being located in Los Angeles County, California.)

Against this litigation backdrop, and after seeking this Court's jurisdiction, Quadriga now argues, in its motion to compel arbitration, that "[t]his case does not belong in this forum."  (Quadriga's memorandum, p. 1:2).   As set forth below,

- 2 -

1   Quadriga's motion should be denied.

2   **LEGAL ARGUMENT**

3   **3.   THIS COURT SHOULD DECIDE WHETHER QUADRIGA HAS**

4   **ESTABLISHED AN ENFORCEABLE ARBITRATION AGREEMENT**

5   **AND WHETHER THE AGREEMENT IS UNCONSCIONABLE**

6   This Court should decide whether Quadriga has established an enforceable

7   arbitration agreement and whether the arbitration provision is unconscionable.

8   *Parada v. Superior Court*, 176 Cal.App.4th 1554, 1564 (2009)("As a threshold

9   matter, we must decide who- the trial court or the arbitration panel - determines

10   whether the arbitration provisions ... are unconscionable....   If the party resisting

11   arbitration is claiming the arbitration clause if unconscionable, a court must decide

12   this claim.")

13   Quadriga has not carried its heavy burden of proof as to an enforceable

14   arbitration agreement and has not properly demanded arbitration inasmuch as

15   Defendants glossed over AAA's notice requirement.   Even if Defendants had

16   satisfied its evidentiary requirements, the disputed arbitration provision is

17   procedurally and substantively unconscionable and, therefore, unenforceable.

18   Consequently, this case should never get to an arbitrator and should be set for a

19   jury trial.

20   **4.   DEFENDANT HAS NOT MET ITS EVIDENTIARY BURDEN TO**

21   **ESTABLISH AN ENFORCEABLE ARBITRATION AGREEMENT**

22   By seeking to compel arbitration, Defendant Quadriga Americas LLC bears

23   the burden of proving the existence of a valid contract by a preponderance of the

24   evidence.  *Engalla v. Permanente Med. Group, Inc.*, 15 Cal.4th 951, 972 (1997).

25   Defendant has failed to satisfy its burden.

26   Quadriga has produced no evidence in support of its motion.  Quadriga has

27   not attached any party declarations, attorney declarations or exhibits to support the

28   motion.

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

- 3 -

1    Thus, Quadriga has not met a basic, critical element required to prevail on

2  its motion: that the parties in *this* action were parties to an arbitration agreement.

3  Inasmuch as Plaintiff and Quadriga dispute these elements, and without more

4  evidence to connect the dots or establish a link between the parties in this case,

5  there can be no enforceable agreement.

6    The evidence submitted by Defendants in its motion must meet the same

7  statutory requirements for admissibility of evidence at trial. *Jeffers v. Screen*

8  *Extras Guild, Inc.*, 134 Cal.App.2d 622, 623 (1955).   Defendants, however, fail to

9  provide competent evidence as set forth in the declaration of Patricio Barrera

10  filed and attached hereto.  Plaintiff  objects to Defendant Quadriga's utter failure

11  to attempt to authenticate the alleged arbitration provision.

12    The authentication of an arbitration agreement alleged to be in force cannot

13  be properly accomplished without a declaration.  The required authentication must

14  be made via a declaration from a declarant who has set forth his or her

15  qualifications, experience, background or familiarity with the subject document.

16  Quadriga has not produced any evidence to establish personal knowledge or a

17  competent witness to authenticate the signatures on an arbitration provision.

18  There is no declarant who has provided evidence stating that he or she was

19  involved in hiring the Plaintiff, or that he or she was working with the Plaintiff or

20  Defendants at the time the arbitration agreement was allegedly signed.  There is no

21  evidence or declaration from a party declarant stating that he or she is familiar

22  with the arbitration provision or its author(s).   As such, Quadriga has not

23  established the requisite "personal knowledge" of the subject, disputed facts or

24  that a witness is qualified to testify as to the terms of the purported agreement.

25    Defendants have failed to present any declarations or other evidence to

26  show that Plaintiff signed a valid, enforceable arbitration agreement with any of

27  the Defendants or its predecessor(s).

28    What is unique about this particular dispute over an arbitration provision is

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Opposition to Defendant's Motion to Compel Arbitration

4

that Plaintiff actually inquired about the possibility of an informal resolution, and then inquired about arbitration and requested information about the arbitration process prior to filing this lawsuit. (Exhibit 1). Quadriga did not provide the requested information. (Exhibit 1).

Quadriga has not provided any evidence to show that there is a forum or arbitration provider who has been properly designated to preside over the purported arbitration. Barrera Decl., ¶3; Exhibit 1.

Quadriga has not referenced the arbitration rules that would govern the purported arbitration.

Where is the evidence, if any, that the arbitration provision was given by a Qaudriga representative to Plaintiff for review, comment, or negotiation? Without any admissible evidence on these critical points, this Court is left to guess, which, of course, the Court cannot do.

Plaintiff objects to any attempt by Quadriga to introduce new evidence in its reply papers including one or more declarations on the grounds that it would constitute an impermissible tactic to deny Plaintiff the required notice and opportunity to respond. Any new evidence that may be provided by defendant in supplemental declarations should be stricken. See *Plenger v. Alza Corp.*, 11 Cal.App.4th 349, 362 (1992); *San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* 102 Cal. App. 4th 308, 316 (2002)(A moving party may not rely on additional evidence filed with its reply papers.) Based on a lack of admissible evidence, Quadriga's motion should be denied.

## 5.   **DEFENDANTS' PURPORTED ARBITRATION PROVISION IS UNENFORCEABLE BECAUSE IT IS UNCONSCIONABLE AS A MATTER OF LAW**

It is the Court's duty to determine whether the arbitration agreement at issue is unenforceable, using the same governing principles of California that exist for enforcing other contracts. *Armendariz v. Foundation Health Psychare Services,*

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

*Inc.*, 24 Cal.4th 83 (2000); See also C.C.P. §1281.2.   The question for the Court is, "are there reasons, based on general contract principles, for refusing to enforce the present arbitration agreement?" *Armendariz*, 24 Cal.4th at 99.   Plaintiff submits that Defendants have not satisfied the *Armendariz* test.

Quadriga's motion to compel arbitration cites *Armendariz* but Quadriga attempts to distinguish it on the grounds that this retaliation case is not a FEHA retalation case.   Quadriga's argument misses the mark.   The *Armendariz* test applies when there is an unconscionability challenge to the purported arbitration provision.   In fact, Quadriga's motion is internally inconsistent because it cites *Armendariz,* and attempts to show it has satisfied the *Armendariz* test after attempting to argue its inapplicability.

Defendants failed to cite or discuss three recent, post-*Armendariz* published decisions where the Courts held that the subject arbitration agreements were procedurally or substantively unconscionable as a matter of law.   *See Wherry v. Award, Inc.*, 192 Cal.App.4th 1242 (2011); *Trivedi v. Curexo Tech Corp*, 189 Cal.App.4th 387 (2010); and *Pokorny v. Quixtar, Inc.*, 601 F.3d 987 (9th Cir. 2010).

In *Wherry*, California's Fourth Appellate District held that a similar arbitration clause was "entirely one-sided" and procedurally unconscionable because plaintiffs were given document to sign at the inception of the relationship, were told that they must sign it if they wanted to work for defendants and were only given a few minutes to review, sign and return the document.   Plaintiffs were not allowed to ask questions about the document, nor where they given a copy of the document.   Defendants did not provide controverting evidence but argued that plaintiffs were "sophisticated."   Citing *Ontiveros v. DHL Exp. (USA), Inc.*, 164 Cal.App.4th 494 (2008), the Court of Appeal held that the plaintiffs' evidence established "oppression," and was, therefore, procedurally unconscionable.   The Fourth District Court of Appeal also held that the clause authorizing an arbitrator

- 6 -

to award costs including the arbitration fee on a losing party was substantively unconscionable under *Armendariz*.   *Id.*

In *Trivedi*, the arbitration agreement was held to be unconscionable because of a provision giving defendant the right to recover attorneys' fees and a provision allowing the employer access to court for injunctive relief.   *Id.*

In *Pokorny*, a distributor filed a class action alleging an illegal pyramid scheme.  The defendant moved to compel arbitration under an arbitration agreement.  The District Court held that the agreement was procedurally and substantively unconscionable.   The Ninth Circuit affirmed the district court, holding that the distributor had no opportunity to negotiate the terms of the contract.  The subject agreement was presented on a "take it or leave it" basis. Also, the agreement permitted the defendant to change the arbitration rules at any time.   The agreement had a unilateral, confidentiality provision and lacked mutuality.   The Ninth Circuit held that the agreement was "too tainted to be saved through minor adjustments." *Pokorny*, 601 F.3d at 1005.

Defendants' alleged agreement is similarly unconscionable. Quadriga and Quadriga alone would have access to court for injunctive relief and it is implicit in its motion that Quadriga is trying to stick Plaintiff with some or all of the arbitration costs.    These defects and arguments, standing alone, are sufficient to deem the agreement unenforceable under *Wherry, Trivedi, and Pokorny*, and for the reasons set forth below.

A.   The Alleged Arbitration Language is Unenforceable Under California Law

An arbitration agreement, like any other contract, is unenforceable where it is unconscionable.  See Cal. Civil Code §1670.5 (court may refuse to enforce a contract which is unconscionable).   Unconscionability consists of both a procedural and a substantive aspect.   A contract may be found to be procedurally unconscionable where it was a contract of adhesion, *Armendariz, supra*, 24

- 7 -

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Cal.4th at 114, or where there was "an absence of meaningful choice due to the inequality of bargaining power or hidden terms." *McCoy v. Superior Court*, 87 Cal.App.4th 354, 358 (2001).   A contract may be substantively unconscionable where the terms are overly harsh, one-sided, or the agreement was not within the reasonable expectations of the client. *Armendariz*, 24 Cal.4th at 114.  "The two elements work together in a sliding scale relationship.  '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *McCoy*, 87 Cal.App.4th at 358 (quoting *Armendariz*, 24 Cal.4th at 114). Defendants' alleged arbitration provision, considered as a whole, is unenforceable because it is both procedurally and substantively unconscionable.

B.      The Alleged Arbitration Agreement Is Procedurally Unconscionable

Giving a potential client a form adhesion arbitration agreement and requiring the client to sign it as a condition is sufficient for procedural unconscionability. *McCoy*, 87 Cal.App.4th at 357-358.  Similarly, when there is no realistic opportunity for the client to negotiate regarding the terms of an arbitration agreement, it may be procedurally unconscionable, even if the client is sophisticated. *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519, 1532-1533 (1997).

Here, the alleged arbitration provision is imposed on employees and does not include the right to "opt out."  There is no evidence showing that plaintiff had an opportunity to negotiate regarding the arbitration provision.  Consequently, Defendants' arbitration provision has a high level of  procedurally unconscionability.

C.      The Alleged Arbitration Agreement Is Substantively Unconscionable

Substantive unconscionability is present when the terms of an agreement are not within the reasonable expectations of the employee or are unduly oppressive, or when the contract allocates the risks of the agreement in an unreasonable or unexpected manner. *Armendariz*, 24 Cal.4th at 117-118.

- 8 -

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

The language of the purported arbitration provision makes it substantively unconscionable due to the "mandatory" nature of the alleged agreement. Requiring a client to sign the agreement, without imposing the same condition on the employer, Quadriga, shows that it is improperly one-sided and *per se* unconscionable. *Mercuro v. Superior Court*, 96 Cal.App.4th 171, 179 (2002). Logically, the one-sided nature of this mandatory provision on an employee must be interpreted in the same manner.

The alleged language must be construed against Defendants, who drafted the provision. *Victoria v. Superior Court*, 40 Cal.3d 734 (1985). Plaintiff should not be required to sacrifice important rights merely because of Quadriga's poor drafting.

In sum, defendants' arbitration provision constitutes overreaching on the part of Quadriga. The arbitration provision is substantively and procedurally unconscionable.

"[T]he substantive element [of unconscionability] focuses on overly harsh or one-sided results." *Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th at 579 (2007) (emphasis added). Here, the purported agreement is one-sided in several respects.

It is one-sided and substantively unconscionable that the employer may pursue remedies in court, as set forth in the injunctive relief provision, §6.3, in the agreement. *Trivedi v. Curexo Tech Corp*, 189 Cal.App.4th 387, 396-398 (2010)(finding arbitration agreement was "substantively unconscionable because it contained a similar 'one-sided' injunctive relief provision"). Under California law, these defects alone are sufficient to find the arbitration provision to be unconscionable. However, there are unique provisions here that absolutely make this particular arbitration provision substantively unconscionable.

       1.   <u>The use of AAA rules when AAA has not been properly</u>
<br>                    <u>designated is one-sided, and therefore unconscionable</u>

Quadriga requires that its employee arbitrate under AAA rules.

- 9 -

Defendant failed to include, attach or explain how to access the rules that would govern final and binding arbitration, which renders the provision substantively unconscionable. *Trivedi v. Curexo Tech Corp*, 189 Cal.App.4th 387, 396-398 (2010)(holding that "[t]he requirement that plaintiff abide by a set of rules promulgated by the AAA, which were not provided to him, much less identified with any clarity, is a ***significant defect***")(Emphasis added.).

Research has shown, however, that AAA rules are excessively one-sided for employees bringing arbitration claims. "[T]he employee win rate among the cases [brought under AAA rules] was 21.4 percent . . . ," while employee win rates in state court were about 57 – 59%. Colvin, Alexander, 8 <u>Journal of Empirical Legal Studies</u> 1, 1, 5 (March 2011).  The amounts of awards from AAA arbitrations are also meager compared to litigation. "[I]t is striking that median awards in employment litigation are around five to ten times greater than median awards in employment arbitration." <u>Id.</u> at 7.

The evidence indicates that "repeat players," that is, employers who use the same arbitrator more than once, get significantly better results. "[T]here is strong evidence of a repeat employer effect, with employees winning 31.6 percent of cases involving one-shot employers, whereas they won only 16.9 percent of cases involving repeat employers . . . . " <u>Id.</u> at 13.   In other words, the research shows strong evidence of one-sided results from a contract such as the Agreement at issue.

## 6.   <u>CONCLUSION</u>

Defendant's motion to compel arbitration should be denied because there is no evidence of a valid, enforceable arbitration agreement.  If Defendants' evidentiary shortcomings are overlooked, Defendant's alleged arbitration agreement is procedurally and substantively unconscionable.

Plaintiff Christopher Sophinos looks forward to his day in court and respectfully requests the Court to deny Defendant's motion for its procedural and

- 10 -

substantive shortcomings.

DATED: April 4, 2016

**BARRERA & ASSOCIATES**

By _____
Patricio T. D. Barrera
Attorneys for Plaintiff Christopher Sophinos

## DECLARATION OF PATRICIO T.D. BARRERA

I, Patricio T.D. Barrera declare as follows:

Foundation

1.      I am an attorney at law admitted to practice by the State Bar of California and the State Bar of Texas.  I am licensed before the Courts of the State of California.  I am a principal of Barrera & Associates, and serve as the attorney of record for Plaintiff Christopher Sophinos in the above-captioned and above-numbered action.  I have personal knowledge of the following facts, unless otherwise indicated.  If called as a witness I could and would competently testify thereto.

2.      This declaration is submitted in support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration.

3.      Before filing this lawsuit on behalf of Plaintiff Christopher Sophinos, I gave written notice to Quadriga's Counsel, Tim Rusche, that Plaintiff intended to file suit in the Los Angeles Superior Court.  Attached hereto as Exhibit 1 is a true and correct copy of the email exchange between this declarant and Mr. Rusche from December 14-15, 2015.  On behalf of my client, I inquired about arbitration and requested information to confirm whether the American Arbitration Association (AAA) would accept this dispute.   To date, the requested information has not been provided.  Consequently, litigation, in the form of this lawsuit, followed.

4.      I have carefully reviewed and re-reviewed the notice of Defendant Quadriga Americas LLC's motion to compel arbitration and the memorandum of points and authorities and proposed order filed concurrently therewith.  The notice was filed and is listed on the court's online docket as Document 13.  The memorandum is listed and identified as Document 13-1.  The proposed order was lodged and identified as Document 13-2.  There are no other documents, that we were served with or are aware of, filed in support of the motion.  As such, the

- 1 -

motion to compel arbitration lacks evidentiary support, and the alleged arbitration provision which is the subject of Defendant Quadriga's motion is unauthenticated, limited as between certain parties, and procedurally and substantively unconscionable for the reasons mentioned in the opposition papers to which this declaration refers.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on April 4th, 2016 at Manhattan Beach, California.

Patricio T.D. Barrera

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Opposition to Defendant's Motion to Compel Arbitration

# EXHIBIT 1

**Pat Barrera**

| | |
|---|---|
| **From:** | Rusche, Tim <TRusche@seyfarth.com> |
| **Sent:** | Friday, December 18, 2015 10:32 AM |
| **To:** | Pat Barrera |
| **Subject:** | Re: Arbitration Notification re Sophinos v. Quadriga Worldwide Ltd. |
| **Attachments:** | image001.png; image002.png; image003.png; image003.png; image003.png |

Pat: I called the AAA. They are going to send me a copy of the paperwork. Yes, we will file a motion to compel arbitration.

Tim

Timothy Rusche | Seyfarth Shaw LLP
333 S. Hope Street | Suite 3900 | Los Angeles, California 90071-1406
Direct: +1-213-270-9662 | Fax: +1-310-551-8303 trusche@seyfarth.com | www.seyfarth.com Labor & Employment
Team of the Year - Chambers USA 2015

[http://www.seyfarth.com/dir_docs/publications/SeyfarthRevisedLogo.gif]

_____

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

_____


_____


On Dec 18, 2015, at 10:25 AM, Pat Barrera <barrera@baattorneys.com<mailto:barrera@baattorneys.com>> wrote:

Tim – Thanks for your response.  I don't see why the parties would take a chance that AAA could decline the matter, which they have the right to do and would do if the employer didn't comply with the notification requirement, pay AAA fees or failed in some other manner.  This could delay the ultimate resolution of the matter.  Consequently, and in light of the governing law provision in Section XVI, the fact the contract was performed in LA County and the fact that you are officed in LA county, I am officed in LA county and the key witnesses are in LA County (Torrance), we intend to file suit in Los Angeles Superior Court.

I don't expect your client to challenge this filing and note that your client will be saving about $30,000 in arbitrator fees if the matter is resolved in court instead of the defective arbitration provision.  Pat

Patricio T.D. Barrera, a P.C.
Barrera & Associates
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Tel:  310.802.1500
Fax: 310.802.0500
www.BAattorneys.com<https://urldefense.proofpoint.com/v2/url?u=http-
3A__www.baattorneys.com_&d=CwMFaQ&c=fMwtGtbwbi-K_84JbrNh2g&r=v3IDXd0jgC79-aPrIeu-

JTX0HgGUN1jNnd60bd6XJ6M&m=uozwxn76RCzE6nktiCHbdQ5myTPAlBM9rllXCz6In3k&s=harZXs_fHEb065gtXpEkysOhY3hKNC98nNyT0FWOczA&e=>

email: barrera@BAattorneys.com<mailto:barrera@BAattorneys.com>

Confidentiality Note: This e-mail is intended only for the person to which it is addressed and may contain information that is privileged, confidential and protected from disclosure.  Distribution or copying of this e-mail by anyone other than the intended recipient is prohibited.  If you have received this e-mail in error, please call Barrera & Associates, at 310.802.1500, and destroy the original message and all copies.  Thank you.

<image001.png><https://twitter.com/BarreraAttys><image002.png><http://www.linkedin.com/in/patbarrera>[Google+ Icon]

From: Rusche, Tim [mailto:TRusche@seyfarth.com]
Sent: Tuesday, December 15, 2015 4:26 PM
To: 'Pat Barrera'
Subject: RE: Arbitration Notification re Sophinos v. Quadriga Worldwide Ltd.

Hi Pat,

The AAA is the correct forum. By your reference to "notice of its intention to designate AAA" as its dispute resolution provider, I believe perhaps you are referring to Section 2 of the AAA rules? This is not a prerequisite to arbitration. This notice to the AAA merely provides the AAA a mechanism to decline the dispute if for some reason it was inclined to do so, which I have never heard of actually occurring. All that we need to do to commence arbitration is for you to file a notice of an intent to arbitrate with the AAA, per Rule 4.

Please let me know if you would like to discuss.

Regards,

Tim

Timothy Rusche | Seyfarth Shaw LLP
333 S. Hope Street |  Suite 3900 | Los Angeles, California 90071-1406
Direct: +1-213-270-9662 | Fax: +1-310-551-8303 trusche@seyfarth.com<mailto:trusche@seyfarth.com> | www.seyfarth.com<http://www.seyfarth.com>
Labor & Employment Team of the Year - Chambers USA 2015
[http://www.seyfarth.com/dir_docs/publications/SeyfarthRevisedLogo.gif]

_____

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

_____

From: Pat Barrera [mailto:barrera@baattorneys.com]
Sent: Monday, December 14, 2015 2:34 PM
To: Rusche, Tim
Subject: Arbitration Notification re Sophinos v. Quadriga Worldwide Ltd.

Hi Tim,

I am writing to request confirmation that your client, Quadriga, properly provided its proposed arbitration provider, AAA, with the requisite notice of its intention to designate AASA as its dispute resolution services provider and that Quadriga provided AAA with a copy of its employment dispute resolution plan per AAA's Rules and Mediation Procedures.   Please provide written confirmation, in the form of copies of the correspondence between Quadriga and AAA, regarding this notice and any correspondence or communications pertaining thereto, so that we may confirm that AAA is the proper forum for our clients' dispute regarding my client's demand for severance pay and his related claims. If Quadriga did not comply with AAA's rules, or if this request is ignored or not complied with, Mr. Sophinos will be required to file a lawsuit in the Los Angeles Superior Court which would be the proper forum for this dispute per Section XVI, subsection A of the parties' governing agreement.   We will defer the filing of the arbitration demand or the lawsuit until Thursday, December 17, 2015 to provide your client with the opportunity to reply to this request for information. Also, Mr. Sophinos reserves any and all rights to challenge the arbitration provision on the additional grounds that it is procedurally and substantively unconscionable.   We look forward to your client's reply.

Patricio T.D. Barrera, a P.C.
Barrera & Associates
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Tel:  310.802.1500
Fax: 310.802.0500
www.BAattorneys.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.baattorneys.com_&d=CwMFAg&c=fMwtGtbwbi-K_84JbrNh2g&r=v3IDXd0jgC79-aPrIeu-JTX0HgGUN1jNnd60bd6XJ6M&m=YgfwpAgOuyFeOxcUIMty9SA8lRKs1O-md6wP_5scuVM&s=tVj_cMpmwMdmFAq-mNHr8TdMxzY_GJGyjEkI7cl8JsU&e=>
email: barrera@BAattorneys.com<mailto:barrera@BAattorneys.com>

Confidentiality Note: This e-mail is intended only for the person to which it is addressed and may contain information that is privileged, confidential and protected from disclosure.  Distribution or copying of this e-mail by anyone other than the intended recipient is prohibited.  If you have received this e-mail in error, please call Barrera & Associates, at 310.802.1500, and destroy the original message and all copies.  Thank you.

<image001.png><https://twitter.com/BarreraAttys><image002.png><http://www.linkedin.com/in/patbarrera>[Google+ Icon]