**SEYFARTH SHAW LLP**
Timothy M. Rusche (SBN: 200236)
*trusche@seyfarth.com*
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Jinouth D. Vasquez Santos (SBN 299056)
jvasquezsantos@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
QUADRIGA AMERICAS, LLC
(erroneously sued as Quadriga Americas)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SOPHINOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>QUADRIGA WORLDWIDE LTD.; QUADRIGA AMERICAS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-01273<br><br>Hon. Michael W. Fitzgerald<br>Crtm 1600<br><br>**DECLARATION OF TIMOTHY M. RUSCHE IN SUPPORT OF DEFENDANT QUADRIGA AMERICAS, LLC'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**<br><br>Complaint Filed: December 21, 2015 |

I, Timothy M. Rusche, declare as follows:

1. I am an attorney duly licensed to practice before this Court and all other courts in California. I am a partner with the law firm of Seyfarth Shaw LLP, counsel of record for Defendant Quadriga Americas, LLC ("Quadriga Americas") (erroneously sued as Quadriga Americas). I have personal knowledge of the facts set forth in this declaration and would and could competently testify thereto if called upon to do so.

2. On June 2, 2016, Plaintiff's counsel, Pat Barrera, emailed me that the AAA had informed him that Quadriga had not paid the arbitration filing fee. On June 3, 2016, I sent Plaintiff's counsel an email, on which the AAA was copied, stating that I had understood that Plaintiff would be paying the arbitration fees. Plaintiff subsequently responded that "per the court's order, *Armendariz,* AAA rules for handling CA employment discrimination and retaliation cases," the employer defendant should pay the filing fee and he threatened to file an ex parte application. Attached hereto as Exhibit A is a true and correct copy of the email exchange between Plaintiff's counsel, AAA, and I.

3. Immediately after my discussions with Plaintiff, my associate contacted the AAA on June 3, 2016, to determine the effect of a party's failure to pay the arbitration filing fee since Quadriga took the position that it was not obligated to pay. The AAA informed my associate that failure to pay the fee by the "deadline" would not affect the matter. In fact, the AAA representative stated that so long as the parties were still disputing the filing fee then it would continue to reserve the forum for the parties' claims.

4. On June 9, 2016, after conferring with my client, I informed Plaintiff's counsel that *Armendariz* did not apply to the instant action. Attached hereto as Exhibit B is a true and correct copy of the email exchange between Plaintiff's counsel and I.

5. On August 2, 2016, nearly two months after Plaintiff's initial threat to seek ex parte relief regarding this matter (see Exhibit A), Plaintiff informed me that he would be filing an *Ex Parte* Application with this Court. Plaintiff's counsel failed to comply

2
DECLARATION OF TIMOTHY M. RUSCHE

27554037v.3

1  with the Court's rule requiring it to inform Quadriga that it had 24 hours to file an
2  opposition to the *Ex Parte* application.
3     6.   Thereafter, my associate contacted the AAA to inquire whether the AAA
4  would reopen the matter if the fees were paid. The AAA indicated that it would
5  immediately reopen the matter. The AAA also informed my associate that a party can
6  submit an order to the arbitrator asking that it rule who is responsible for making the
7  payment.
8     7.   Attached hereto as Exhibit C is a true and correct copy of the AAA's letter
9  dated May 19, 2016, stating that it deems the parties dispute as one arising out of an
10 individually-negotiated employment agreement. The letter also indicates that claimant
11 stated that respondent is required to pay the fee.
12    8.   Attached hereto as Exhibit D is a true and correct copy of the current
13 Employment Dispute Resolution Rules of the American Arbitration Association in effect
14 in the State of California, which provide that Claimant is required to pay the fee unless
15 otherwise negotiated by the parties. The parties have not otherwise negotiated.
16    9.   Attached hereto as Exhibit E is a true and correct copy of AAA's letter dated
17 June 22, 2016, stating that the AAA has administratively closed the matter *without*
18 *prejudice* and indicated that should the parties resubmit their claim in the future, they
19 must comply with AAA rules.
20    10.  The AAA did not decline to hear the dispute on the basis that Quadriga
21 supposedly failed to notify AAA of the arbitration agreement when the arbitration
22 agreement was executed by the parties.
23 I declare under penalty of perjury that the foregoing is true and correct.
24 Executed on August 3, 2016, at Los Angeles, California.

                                              */s/ Timothy M. Rusche*
                                              Timothy M. Rusche